UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

---

ANDRE BURKETT,

      Plaintiff,

      v.                                   Case No. 15-C-0971

STATE OF WISCONSIN DISTRICT
ATTORNEY'S OFFICE,

      Defendant.

---

ORDER GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS
AND DISMISSING CASE

Andre Burkett filed this case using a form civil complaint on which he contends that the State violated his due process rights. Although the allegations are unclear, Burkett appears to assert that a district attorney committed perjury and used a falsified police report related to state-court cases 98CF2857, 98CF2858, 99CF2211, and 99CF1892. As relief, Burkett asks this court to dismiss the charges in those cases because the district attorney made a perjurious statement to the state court.

Burkett seeks leave to proceed in forma pauperis. According to his affidavit and attachments, Burkett receives about $973 each month, mainly from Supplemental Security Income and Social Security payments. His expenses total about $910 each month. As it appears that Burkett cannot pay a $400 filing fee, his petition for leave to proceed in forma pauperis will be granted. *See* 28 U.S.C. § 1915.

Notwithstanding that Bukett can file this case in forma pauperis, the court can dismiss the action under § 1915(e)(2)(B) if it is frivolous or malicious, fails to state a claim

on which relief may be granted, or seeks damages from a defendant who is immune from such relief. Burkett's case must be dismissed on that basis.

This is at least the fourth case Burkett has brought concerning these convictions.[1] On July 14, 2006, Judge Adelman denied and dismissed Burkett's 28 U.S.C. § 2254 habeas case regarding the convictions in cases 98CF2857, 99CF1892, and 99CF2211, based on untimeliness. *Burkett v. Champagne*, No. 05-C-1139, slip op. (E.D. Wis. July 14, 2006). On February 27, 2010, this court dismissed a civil case Burkett filed against the Milwaukee County Circuit Court, the Wisconsin Court of Appeals, and the Wisconsin Supreme Court, concerning cases 99CF1892 and 99CF2211. Burkett had asserted that in those cases he was innocent of the crimes, he was maliciously prosecuted, and a fundamental miscarriage of justice had occurred; this court dismissed the claims against the courts or its judges based on judicial immunity. In addition, this court indicated that to the extent the complaint was intended to be a petition for writ of habeas corpus, Burkett would have to file a proper habeas pleading and could be barred from filing a second or successive petition. *Burkett v. Wis. Sup. Ct.*, No. 10-C-140, slip op. (E.D. Wis. Feb. 27, 2010). Thereafter, on September 29, 2014, Magistrate Judge William E. Duffin dismissed another habeas petition regarding state cases 98CF2587, 99CF2211, and 99CF1892, as a second or successive petition barred under 28 U.S.C. § 2244(b). *Burkett v. State of Wisconsin*, No. 14-C-1160, slip op. (E.D. Wis. Sept. 29, 2014).

---

[1] Burkett's prior cases did not attack a conviction in case number 98CF2858, but a check of the Wisconsin Circuit Court Access records shows that Burkett was not a defendant in that case. That case was brought against Latonia Campbell, not Burkett. As a result, this court has disregarded any challenge to that conviction due to Burkett's lack of standing.

Here, Burkett again seeks dismissal of these state-court charges against him under the guise of a civil rights case. But his request is one for habeas relief, not § 1983 relief. Burkett's prior habeas attacks on these fifteen-year-old convictions have failed. The issues he raises have already been decided against him. And he cannot execute an end-run around the merits decision in Judge Adelman's case or the second-and-successive bar by rewriting his attack as a civil rights claim. *See Dalton v. United States*, No. C 09-05452 SI, 2010 WL 1644701, *2 (N.D. Cal. Apr. 21, 2010) ("Perhaps in an attempt to circumvent this Court's many prior dismissals of his successive habeas petitions, Mr. Dalton has styled the present action not as a habeas petition but as a civil rights action arising under 28 U.S.C. § 1983 . . . . Mr. Dalton is attempting once again to attack the validity of his conviction and sentence by challenging the DEA agent's conduct leading up to his arrest. Such a challenge must be brought in a habeas petition under 28 U.S.C. § 2255. The Court has advised Mr. Dalton on multiple occasions that he may not file any additional habeas petitions with this Court unless the Ninth Circuit expressly gives him permission to do so.").

To the extent that Burkett could be seeking other remedies in this civil rights action, such as damages, if he remains subject to a form of custody (his address suggests that he is out of prison, but he may be under supervision on release) the claim raised in this action is barred by *Heck v. Humphrey*, under which there is "no cause of action under § 1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." 512 U.S. 477, 489 (1994). In other words, unless and until the cited criminal convictions are overturned, Burkett has no § 1983 claim. If Burkett is no longer under any form of supervision, he cannot proceed because

the matter has been decided against him or because he failed to pursue collateral relief in a timely manner, *see Burd v. Sessler*, 702 F.3d 429, 435-36 (7th Cir. 2012).

One last note: Burkett apparently made at least two false statements sworn under penalty of perjury in his verified complaint. He stated that he had not begun any other lawsuits in federal court relating to the same occurrence as this action and that he had not begun any other lawsuits in federal court at all. But a review of this district's case management system reveals the three cases referenced above as well as four others. Consequently, Burkett is warned that further false statements and new frivolous litigation regarding these years-old convictions, on which his habeas petition was denied, may result in sanctions.

Therefore,

IT IS ORDERED that Burkett's petition for leave to proceed in forma pauperis (Doc. 2) is granted.

IT IS FURTHER ORDERED that this case is dismissed for failure to state a claim and as frivolous under 28 U.S.C. § 1915(e)(2)(B).

Dated at Milwaukee, Wisconsin, this 8th day of October, 2015.

BY THE COURT

/s/ C. N. Clevert, Jr.
C. N. CLEVERT, JR.
U. S. DISTRICT JUDGE